_____

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **JONATHAN A. COLLIER**, | : | Civil No. 1:11-cv-00163 |
| Plaintiff, | : | **REPORT & RECOMMENDATION** |
| vs. | : | **DISTRICT COURT JUDGE CLARK WADDOUPS** |
| **UTAH TRANSIT AUTHORITY,** | : | |
| Defendant. | | **MAGISTRATE JUDGE BROOKE C. WELLS** |

_____

This matter was referred to this court by the district court, Judge Clark Waddoups presiding, pursuant to USC § 636 (b)(1)(B). Under that referral, the following motions are currently pending: (1) Plaintiff Jonathan Collier's Motion For Default Judgment; (2) Defendant Utah Transit Authority's Motion To Dismiss Amended Complaint.

<u>Plaintiff's Motion For Default Judgment</u>[1]

On February 13, 2012, plaintiff Jonathan Collier filed his amended complaint against defendant Utah Transit Authority ("UTA").[2] On March 5, 2012, UTA filed its

---

[1] Document Number 22; "Motion For Default Judgment".

[2] Document Number 16 "Amended Complaint".

motion to dismiss the amended complaint arguing that Mr. Collier failed to show he is disabled under the Americans with Disabilities Act ("ADA").[3]  Mr. Collier's response to the motion for dismissal was due on or before April 2, 2012.  Plaintiff, however, failed to oppose the motion, and instead filed a request for certificate of default against UTA.[4]  In support of his request, plaintiff filed an "Affirmation In Support Of Request For Default" asserting that default is based upon UTA's failure "to answer or otherwise move with respect to the complaint herein."[5]

    As an initial matter, plaintiff's request for default is denied as there is no supportable basis for the entry of a default judgment against defendant UTA.  While Mr. Collier claims that UTA did not respond to his amended complaint, pursuant to Federal Rule of Civil Procedure 12(a)(1), a responsive pleading may take the form of either an answer or a motion to dismiss and must be filed within twenty one (21) days after receipt of the complaint.[6]  Here, Mr. Collier filed his amended complaint naming UTA as the sole defendant on February 13, 2012.[7]  UTA filed its motion to dismiss the amended complaint on March 5, 2012.[8]  Defendant's motion was responsive to plaintiff's claims, and timely filed within twenty one (21) days after receipt of the amended complaint.

---

    [3]Document Number 20; "Motion To Dismiss Amended Complaint".

    [4]Document Number 22; "Request For Certificate of Default".

    [5]Document Number 23; "Affirmation In Support Of Request For Certificate Of Default".

    [6]Fed. R. Civ. P. 12(a)(1).

    [7]Document Number 16; "Amended Complaint".

    [8]Document Number 5; "Motion To Dismiss Amended Complaint", Document Number 21 "Memorandum In Support Of Motion To Dismiss Amended Complaint".

Accordingly, plaintiff's request for default is unwarranted and denied.

Defendant's Motion To Dismiss[9]

UTA's motion to dismiss Mr. Collier's amended complaint was filed on March 5, 2012. Plaintiff's opposition was due on or before April 2, 2012.[10] At this juncture, plaintiff has failed to file a timely opposition or to effectively respond to defendant's arguments regarding the deficiencies in his amended complaint. While Mr. Collier is a pro se litigant and his complaint is viewed liberally, his pro se "status does not excuse plaintiff from compliance with procedural rules, nor from the consequences of noncompliance."[11] Defendant's motion to dismiss may be granted on plaintiff's failure to respond. However, as set forth below, the court also finds that plaintiff's amended complaint does not state a claim for which relief can be granted and therefore it is subject to dismissal.

A. Americans with Disabilities Act ("ADA")

Mr. Collier brings his complaint under the Americans With Disabilities Act ("ADA"). The ADA prohibits discrimination against a "qualified individual" with a disability.[12] Specifically, no employer covered by the Act shall "discriminate against a qualified individual with a disability because of the disability of such individual in regard

---

[9] Document Number 20; "Motion To Dismiss Amended Complaint".

[10] DUCivR 7-1(b)(4)(A) states that a memorandum opposing a motion to dismiss must be filed within twenty-eight days after service of the motion or within such time as allowed by the court.

[11] Biehl v. Saline Police Dept., 2007 WL 2099911 (D. Kan. July 18, 2007) aff'd 256 F. App'x 212 (10th Cir. 2007).

[12] 42 U.S.C. § 12112(a)

to. . . terms, conditions, and privileges of employment."[13]  A plaintiff asserting a claim under the ADA must establish themself as a "qualified individual with a disability."[14]  A "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[15]

In his amended complaint, plaintiff alleges he: "received heat exhaustion and dehydration for being on my bus for about 50 minutes with no air conditioning"[16], "received a Performance Plan for making a comment that he was not going to turn his bus off"[17] and "suffered harm from Utah Transit Authority's actions to include more frequent and severe migraine headaches, and depression."[18]  Plaintiff has not identified any specific physical or mental impairment, a record of such impairment or any allegation that he was regarded as having such impairment as required to establish himself as a qualified individual under the ADA.  Plaintiff not only fails to allege a disability, but also fails to allege any life activity that has been impaired or limited by a disability. Mr. Collier's amended complaint may be dismissed on this basis alone as the establishment a disability within the meaning of the Act is a threshold requirement for all

---

[13] 42 U.S.C. § 12112(a).

[14] 42 U.S.C. § 12112(a).

[15] 42 U.S.C. § 12102(2), 29 C.F.R. § 1630.2.

[16] Document Number 16; "Amended Complaint" pg. 5.

[17] Id. at pg. 4.

[18] Id. at pg. 3.

ADA claims.[19]

   B. <u>Denial Of Reasonable Accommodation</u>

Even assuming plaintiff had alleged that he is a qualified individual with a disability, Mr. Collier fails to provide facts sufficient to establish a prima facie case for denial of reasonable accommodation under the Act.  To establish a prima facie case of failure to provide reasonable accommodation an employee must show that he or she is: (1) disabled within the meaning of the ADA; (2) qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) discriminated against because of the disability.[20]  The final prong of the test requires plaintiff to "present some affirmative evidence that disability was a determining factor in the employer's decision."[21]   Plaintiff fails to allege that he is a qualified individual with a disability, that UTA was aware of his disability and that UTA failed to reasonably accommodate his disability and therefore cannot establish a prima facie case for reasonable accommodation.

For these reasons, plaintiff's claim for denial of reasonable accommodation is denied.

   3. <u>Retaliation</u>

Plaintiff's retaliation claim stems from charges he filed with the Utah Anti-Discrimination and Labor Division against his employer UTA.  Mr. Collier contends that

---

[19]<u>Lanman v. Johnson County, Kansas</u>, 393 F.3d 1151, 1155-58 (10th Cir. 2004).

[20]<u>Mason v. Avaya Communs., Inc.</u>, 357 F.3d 1114, 1118 (10th Cir. 2004).

[21]<u>Morgan v. Hilti, Inc.</u>, 108 F.3d 1319, 1323 (10th Cir. 1997).

as a result of his complaint UTA retaliated against him through disciplinary actions and threats of termination.[22]

In order to establish a prima facie case of retaliation under the ADA, plaintiff must show "(1) that he engage in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[23]

First, Mr. Collier is still employed with UTA. To that end, he fails to establish what, if any, terms and conditions of his employment have been effected by the alleged "retaliation". Second, to establish a causal connection, plaintiff may "proffer evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."[24] As stated in his amended complaint, Mr. Collier filed his discrimination charge with the anti-discrimination and labor division in January 2010.[25] In general, the warnings, incidents, and disciplinary procedures that plaintiff references span for over two years from June 19, 2009, to October 27, 2011. The circumstances are varied, un-related and fail to establish a correlation or allege casual connection.

---

[22] Document Number 10; Amended Complaint, pg. 5.

[23] Proctor v. UPS, 502 F.ed 1200, 1208 (10th Cir. 2007)(citing, Argo v. Blue Cross & Blue Shield of Kan. Inc., 452 F.3d 1193, 1202 (10th Cir. 2006)(internal citations omitted)).

[24] Proctor, at 1208 (citing, Haynes v. Level 3 Communs., 456 F.3d 1215, 1228 (10th Cir. 2006).

[25] Document Number 10; Amended Complaint, pg. 2.

Plaintiff has failed to allege the elements of a prima facie case and therefore is claim for retaliation is denied.

3. Breach of Duty

Plaintiff alleges that agents of UTA breached their duty to conduct a proper investigation into plaintiff's claims. There is no recognized breach of duty claim under the ADA and therefore this claim is dismissed.

4. Hostile Work Environment

As discussed above, plaintiff has failed to establish a disability under the ADA. Because establishment of a disability is a threshold requirement for all ADA claims, Mr. Collier cannot establish a viable hostile work environment claim without demonstrating a disability under the Act.[26] Absent a disability, plaintiff cannot support his hostile work environment claim and it fails as a matter of law.

## Report & Recommendation

For the above stated reasons, this court issues the following recommendation to the district court:

1. Defendant Utah Transit Authority's Motion To Dismiss Amended Complaint is granted.

2. Plaintiff Jonathan A. Collier's Request For Entry Of Default Judgment is denied.

Copies of the foregoing report and recommendation are being mailed to all

---

[26] Chan v. Sprint Corp., 351 F. Supp. 2d 1197, 1209 (D. Kan. 2005)("[i]n order to present a viable hostile work environment claim, . . . , Plaintiff must be disable under the ADA."); Shaver v. Indp. Stave Co., 350 F.3d 716, 620 (8th Cir. 2003)(holding that one of the elements of a hostile work environment claim is that the claimant is a qualified individual with a disability).

parties who are hereby notified of their right to object. The parties must file a specific written objection within fourteen days (14) days after being served with a copy.[27] Failure to object may constitute a waiver thereof.

DATED this 20 day of April, 2012.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge

---

[27] Fed. R. Civ. P. 72(b)(2).