IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN A. COLLIER<br><br>    Plaintiff,<br><br>    vs.<br><br>UTAH TRANSIT AUTHORITY<br><br>    Defendant, | ORDER SUSTAINING IN PART OBJECTION TO REPORT AND RECOMMENDATION AND REQUESTING ADDITIONAL BRIEFING<br><br>Case No. 1:22-cv-163 |

Plaintiff Jonathan Collier filed the Amended Complaint in this action on February 13, 2012, alleging, among other claims, that Defendant Utah Transit Authority ("UTA") failed to provide him reasonable accommodation for his alleged disability as required by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(4) and retaliated against him when he filed a complaint with the Utah Anti-Discrimination and Labor Division (Dkt. No. 16). On March 5, 2012, UTA timely moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim (Dkt. No. 20). Collier failed to file an opposition to the motion, but, on April 3, 2012, moved the court to enter default judgment against UTA (Dkt. No. 22). The court referred the matter to Magistrate Judge Brooke C. Wells who filed a Report and Recommendation that the motion for default judgment be denied and that UTA's motion to dismiss be granted (Dkt. No. 26). Collier objected to the Report and Recommendation on May 1, 2012 (Dkt. No. 27), UTA responded to the objection on May 14, 2012 (Dkt. No. 28) and Collier filed a response on May 16, 2012 (Dkt. No.

29). Upon review of the motions and the record *de novo*, the court (1) overrules the objection to the recommendation that the motion for default be denied, adopts the recommendation of the Magistrate Judge and DENIES the motion to enter default judgment against UTA, and (2) requests additional briefing on whether the claims are barred by Eleventh Amendment immunity.

### I.    Motion to Enter Default Judgment Against UTA.

Collier's principal objection to the Report and Recommendation is that he failed to receive a copy of UTA's motion to dismiss and, therefore, moved to have default entered. UTA's motion, however, includes the required Certificate of Service stating that the motion was sent to Collier to the email address he lists on the Amended Complaint as his contact information. Moreover, Collier should have checked the docket to verify that no answer or motion to dismiss had been filed before requesting entry of a default. Collier's Affirmation in Support of Request for Certificate of Default states affirmatively that UTA "has not answered or otherwise moved with respect to the complaint." Such an assertion, made under penalty of perjury, imposes upon a party a duty at least to check the docket to assure that no answer or motion has been filed. Collier's claim in response that he failed to receive a copy of the motion does not excuse the misrepresentation he made to the court. For these reasons and the reasons stated in the Report and Recommendation, the motion for default judgment is DENIED.

### II.    UTA's Motion to Dismiss under Rule 12(b)(6).

Collier alleges that his action is brought under Title VII of the Civil Rights Act of 1964 and that jurisdiction is conferred on the court by 42 U.S.C § 2000e(5) and 42 U.S.C § 12101-12117 *et seq.* Collier seeks as relief that the court award him $55,000 for medical expenses and lost income

and $200,000 for punitive damages. Because Collier is seeking claims under the ADA against a state agency, the court is required to address whether his claims are barred by Eleventh Amendment immunity before addressing the objections Collier raises to the Report and Recommendation. *See. e.g.*, *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356 (2001); *Ross v. Bd. of Regents of Univ. of New Mexico,* 599 F.3d 1114 (10th Cir. 2010). None of the parties have addressed this issue. The court, therefore, requests that UTA submit an additional memorandum addressing this issue on or before September 7, 2012. Collier may file a memorandum in response on or before September 21, 2012. No additional briefing will be permitted. Unless the court invites oral argument, the pending issues will be decided on the memoranda.

  DATED this 24th day of August, 2012.

         BY THE COURT:

         _____
         Clark Waddoups
         United States District Judge